Sun v. Garland

BIA
Schoppert, IJ
A206 560 235

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

HUA SUN,
> *Petitioner*,

v.                                                          20-806
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Aleksander Boleslaw Milch, Esq.,
                         Flushing, N.Y.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General;

Bernard A. Joseph, Senior Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hua Sun, a native and citizen of the People's Republic of China, seeks review of a February 19, 2020 decision of the BIA that affirmed a May 1, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Hua Sun,* No. A206 560 235 (B.I.A. Feb. 19, 2020), *aff'g* No. A206 560 235 (Immigr. Ct. N.Y.C. May 1, 2018). The Court assumes the parties' familiarity with the underlying facts and procedural history.

The Court has reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The Court reviews adverse credibility determinations for substantial

2

evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treats the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "[The Court] defer[s] . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The Court concludes that substantial evidence supports the agency's adverse credibility determination. The agency

3

reasonably relied on inconsistencies between Sun's written applications and her testimony regarding whether she had been granted asylum status in France or otherwise resettled there and the timing of her husband's presence in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (denoting "consistency between the applicant's . . . written and oral statements" as factor in credibility determination). That these inconsistencies are not directly related to her claim that she was forced to undergo an abortion in 1992 is irrelevant. "[A]n IJ may rely on *any* inconsistency . . . as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "[A] single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

In addition to the inconsistencies between written and oral evidence, the agency also reasonably relied on the lack of reliable corroboration. "An applicant's failure to corroborate . . . her testimony may bear on credibility,

4

because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). And an IJ may require reasonably available corroboration of even credible testimony. 8 U.S.C. § 1158(b)(1)(B)(ii). The IJ did not err in concluding that Sun's husband's testimony was reasonably available given his apparent presence in the United States at the time of Sun's hearing and his interest in the proceedings. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011) (rejecting argument that alien's husband's testimony was reasonably unavailable because his testimony on her behalf "would inure to his benefit," and he "had a common interest in her presenting the strongest possible case"). Although Sun now argues that her husband could not have confirmed that she had a forced abortion because he was not present for the procedure, his written statement purported to confirm the forced abortion. *See* Admin. R. 185. The IJ did not err in declining to credit the written statement because Sun's husband was an interested witness who was not made available for cross examination. *See Y.C. v. Holder*, 741 F.3d 324, 334

5

(2d Cir. 2013) (upholding BIA's decision to afford little weight to letter from applicant's spouse in China because, *inter alia*, it was submitted by an interested witness); *Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished weight to letters from "relatives and friends" because they were from interested witnesses not subject to cross-examination), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Nor did the IJ err in declining to credit a medical certificate documenting an abortion because, among other reasons, the reliability of the certificate turned on Sun's credibility. *See Y.C.*, 741 F.3d at 332 ("[The Court] generally defer[s] to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Because the adverse credibility determination is dispositive of each of Sun's claims, including for asylum, the Court does not reach the agency's finding regarding firm resettlement. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7